UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| In Re: Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litigation | * | 1:08-md-01982-RDB |
| | * | |
| ALL ACTIONS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiffs' motion for preliminary approval of a proposed class action settlement with Defendant Tyson Foods, Inc. ("Tyson"), set forth in the Settlement Agreement dated January 12, 2010 between Plaintiffs and Tyson ("Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is probable cause to believe that the settlement is fair and has been negotiated at arm's-length, and that its adequacy is such that the settlement falls within the range of possible final approval. The Court finds that there is probable cause to submit the material terms of the settlement to Settlement Class members for their consideration and reaction. Therefore, the Court grants preliminary approval of the settlement.

3. The Court preliminarily finds that the requirements of Rule 23(a) and (b)(3) have been satisfied. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all persons who purchased Tyson chicken or chicken products sold in the United States as either "Raised Without Antibiotics" and/or "Raised Without Antibiotics That Impact Antibiotic Resistance in Humans" between June 19, 2007 and April 30, 2009. Excluded from the Settlement Class are (a) Tyson and its parent companies, affiliates, subsidiaries, divisions, successors-in-interest, successors, predecessors-in-interest, predecessors, assigns, agents, employees, independent contractors, managers, officers, directors, attorneys, and other persons representing them or acting on their behalf; (b) any judge to whom the Litigation or any of the Underlying Actions were assigned and his or her immediate family; and (c) all persons who submit valid requests for exclusion from the Settlement Class.

5. For settlement purposes only, the Court hereby appoints Plaintiffs Lisa Baxley, Mary Cutsail, Andrea Dannell Johnson, and Mary F. Wilson as representatives of the Settlement Class and preliminarily appoints James P. Ulwick, Kramon & Graham PA; A. J. De Bartolomeo, Girard Gibbs LLP; Gary B. Friedman, Friedman Law Group LLP; Scott E. Poynter, Emerson Poynter LLP; and James Pizzirusso, Hausfeld LLP as Settlement Class Counsel.

6. On ~~May~~ *Fairly* 7, 2010, at __10__ a.m./p.m., this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and to determine whether (a) final approval of the settlement should be granted; (b) Settlement Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount; and (c) whether the request for incentive awards for the Plaintiffs and Settlement Class members deposed in this litigation should be granted, and in what amount. No later than twenty-eight (28) calendar days before the Fairness Hearing, Plaintiffs must file their papers in support of final settlement approval and in response to any objections filed to date. Tyson may (but is not required to) file papers in support of final settlement approval, so long as it does so no later than twenty-eight (28) calendar days before the Fairness Hearing. Settlement Class Counsel must also file their application for attorneys' fees, expenses, and incentive awards for the Plaintiffs and Settlement Class members no later than twenty-eight (28) calendar days before the Fairness Hearing. Plaintiffs and Tyson may file supplemental briefing in response to any objections to the settlement or Settlement Class Counsel's application no later than seven (7) calendar days before the Fairness Hearing.

7. Subject to the Court's consideration of additional evidence regarding the issue of notice at the Fairness Hearing, and based on the documents submitted and information provided to the Court in connection with preliminary approval, the Court approves the proposed plan for giving notice to the Settlement Class through publication, Internet banner advertisements, maintenance of a dedicated settlement website, and media outreach. The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement. The Court hereby directs the Parties and

3

Settlement Administrator to carry out the notice plan in compliance with the following schedule: Within 60 days of entry of this Order, (i) the summary notice must be published and appear once in each of the magazines *Parade* and *People*; (ii) the Internet banner advertisements must begin running; (iii) the settlement website must be online and publicly accessible; and (iv) the distribution of the news releases by PR Newswire must be completed.

8. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class and the settlement must submit an exclusion request received by April 19, 2010. The request for exclusion must be in writing, identify the case name *In Re: Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litigation* and include the name, address, and phone number of the Settlement Class member(s) seeking exclusion. Each request must also contain a signed statement that: "I/We hereby request to be excluded from the proposed Settlement Class in the RWA Litigation." The request must be mailed to the Settlement Administrator at the address provided in the notices, and received no later than April 19, 2010. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notices, or that is not received within the time specified, shall be invalid and the person(s) serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement. The Settlement Administrator must promptly forward copies of all requests for exclusion to Settlement Class Counsel and counsel for Tyson.

9. Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however,* that all comments and objections must be filed with the Court and mailed to both Settlement Class Counsel and Tyson's counsel prior to the Fairness Hearing in accordance with the notices. A Settlement Class member who objects to the

settlement need not appear at the Fairness Hearing for his or her comment to be considered by the Court; however, all arguments, papers, briefs, and any evidence that any objector would like the Court to consider ("Objections") must be filed with the Court, with a copy mailed to Settlement Class Counsel and Tyson's counsel, such that it is received by April 19, 2010. All Objections shall include the caption *In Re: Tyson Foods, Inc. Chicken Raised Without Antibiotics Consumer Litigation*, Case No. 1:08-md-01982-RDB and (a) the Settlement Class member's full name and current address; (b) a signed statement that he or she is a member of the Settlement Class, including evidence of Adequate Proof of Purchase or, if none is available, a declaration under oath that the consumer has no Adequate Proof of Purchase and that he or she purchased a Covered Tyson Product; (c) the specific grounds for the objection; (d) all documents or writings that such Settlement Class member desires the Court to consider; and (e) a notice of intention to appear (if any).

10. Any Settlement Class member who fails to object in the manner prescribed in paragraph 9 shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding. While the declaration described in subparagraph 9(b) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiffs or Tyson or both may take discovery regarding the matter, subject to Court approval. If a Settlement Class member does not submit a written comment on the proposed settlement or the application of Plaintiffs' counsel for incentive awards, attorneys' fees and expenses in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class member is not granted relief by the Court, the Settlement Class member will waive his or her right to be heard at the Fairness Hearing. To appeal from any provision of an order approving the settlement as fair, reasonable and adequate; any service awards to the

5

deposed Plaintiffs and Settlement Class members; or any award of attorneys' fees and expenses to Settlement Class Counsel, the Settlement Class member must appear in person, or through his or her counsel, or seek leave of Court excusing such appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at the Fairness Hearing.

11. In further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay the costs and attorneys' fees incurred by Tyson or any other Released Party as a result of such violation.

12. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or the Underlying Actions, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Tyson or Plaintiffs. Tyson has denied and continues to deny the claims asserted by Plaintiffs.

Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

13. The preliminary certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation and Underlying Actions. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation and Underlying Actions shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation, the Underlying Actions, or any other action or proceeding.

**IT IS SO ORDERED.**

Dated: January 15, 2010

THE HONORABLE RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE