FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2010 APR 16   A 10: 04

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| IN RE: TYSON FOODS, INC., CHICKEN RAISED WITHOUT ANTIBIOTICS CONSUMER LITIGATION | MDL 08-md-1982 |
|---|---|
| Applies to: All Actions | No. 08-CV-01643 (RDB) |

**OBJECTIONS TO PROPOSED SETTLEMENT;**
**OBJECTIONS TO ATTORNEYS' FEES AND COSTS;**
**NOTICE OF INTENTION TO APPEAR; AND**
**REQUEST TO SPEAK AT THE HEARING**

To The Honorable District Judge:

Come Now Sallie Turner and Jennifer Horrell ("Objectors"), and file these Objections to the Proposed Settlement, Objections to Attorneys' Fees and Costs, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1.  Objectors**

Objectors are members of the settlement class:

Name:        Sallie Turner
Address:     P. O. Box 912, Kemp, Texas 75143
Statement:   Attached as Ex. A.

Name:        Jennifer Horrell
Address:     P. O. Box 202, Edgewood, Texas 75117
Statement:   Attached as Ex. B.

**2.  Notice of Intention to Appear and Request to Speak at the Hearing**

Jeffrey L. Weinstein[1] makes this appearance on behalf of Objectors and provides notice that he intends to appear on behalf of Objectors at the hearing.  Objectors request that counsel be allowed to appear at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing.

---

[1]  Counsel is not a member of this court's bar.  However, under the Rules of Proc. of the Judicial Panel on Multidistrict Litigation Rule 1.4, counsel understands that he may appear in this MDL case nevertheless because he is a member of the bar of at least one district court of the United States.  *See, In re Farmers Ins. Exchange Claims Representatives Overtime Pay Litigation.* 2009 WL 3834034, 1 (D. Or. 2009).  If the court disagrees, counsel respectfully requests adequate time to file a *pro hac vice* motion with the court.

**Page 1**

### 3. Objections to the Settlement

The settlement is not fair, reasonable, or adequate, and Objectors object to the proposed settlement, for the following reasons.

**First, the negotiated attorneys' fees are excessive.** The amount of the attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate. MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335. Defendant was willing to pay $8 million to settle this case ($5 million to the class and $3 million to the attorneys). The attorneys allocated to themselves 37.5% of the total recovery. That is unreasonably high. Moreover, any amounts not awarded to class counsel should have been added to the $5 million class fund, just as the unclaimed amounts in any subclass fund are allocated to other subclass funds. *See,* Settlement Agreement §§ 13.H.1 through 13.H.4.

Class Counsel proclaim that they negotiated fees separate from the settlement, but by doing so they increased the percentage of the fund they would have otherwise been entitled to. Had they first negotiated the total amount Defendant would pay, $8 million, and then negotiated a fair percentage of that claim for fees, the class would have received a far larger share of the $8 million. The Defendant was willing to settle the case for $8 million and has no financial stake in whether that money is paid to the class or counsel. Thus, class counsel's process did not protect the class, it hurt the class.

The best way to protect the interests of the class is to align attorneys' fees with the class recovery; that is, by setting the fees as a reasonable percentage of the total settlement amount. The process used by Class Counsel here resulted in an unreasonable amount of the $8 million settlement going to Class Counsel. And they further erred in not assuring that any fees not awarded would go to the class. Instead, they agreed to give Defendant a windfall to the extent the court does not approve the full fee request. The class is harmed as a result because they do not receive that amount, which Defendant was clearly willing to pay.

**Second, the release is overbroad.** This case dealt solely with representations regarding labels that stated either "Raised Without Antibiotics" or "Raised Without Antibiotics That Impact Antibiotic Resistance in Humans." Yet, the release extends broadly to *any* other potential claim regarding the Class Member's purchase. The release includes all claims that

> arise out of or relate in any way to: (a) ... (b) all ... transactions ... that were directly or indirectly alleged , asserted, described, set forth, or referred to in this Litigation or the Underlying Actions."

Settlement Agreement, p. 8. The covered "transactions" would be every class members' purchase of Defendant's chicken labeled either "Raised Without Antibiotics" or "Raised Without Antibiotics That Impact Antibiotic Resistance in Humans. ***Thus, the release extends to every possible claim a Class Member could have regarding the transaction.*** For instance, if a Class Member had personal injury claim pending against Defendant because the chicken was contaminated, this would release that claim. Named plaintiffs are "empowered to represent

members of the class solely with respect to [claims] in which all members of the class [have] a common interest." *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.,* 660 F.2d 9, 17 (2d Cir.1981). The release is overbroad because it seeks to release claims that have nothing to do with this case and for which there is no common interest.

**Third, the unclaimed funds should be paid to class member claimants.** The Settlement provides that unclaimed funds shall be distributed to food banks in the form of in kind donations, rather than redistributed to class members who made claims. Settlement Agreement p. 16. Unclaimed funds should be paid to class members who made claims, not third parties. Moreover, the payments here do not even indirectly benefit class members because, by definition, they purchase chicken rather than obtain it from food banks.

The American Law Institute recommends that unclaimed funds be paid to claimants, not *cy pres*:

§ 3.07 Cy Pres Settlements

...

(b) If the settlement involves individual distributions to class members and funds remain after distributions (because some class members could not be identified or chose not to participate), the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

Principles of the Law of Aggregate Litigation § 3.07 (b), p. 220 (Proposed Final Draft 2009). Of course, in this case the extra money could easily be given to claimants for no additional costs by simply making the initial payments to claimants large enough so as to exhaust the fund. The ALI draft reasons:

[T]his Section generally favors cy pres awards only when direct distribution to class members are not feasible – either because class members cannot be reasonable identified or because distribution would involve such small amounts that, because of the administrative costs involve, such distributions would not be economically viable.

*Id.* cmt. (b), p. 221. Here it would clearly be economically feasible to make the distribution to claimants and they are easily identified – they made a claim. Even if giving this money to claimants would over compensate them (which it would not), the ALI draft finds that that would be preferable to giving the money to third parties:

[A]ssuming that further distributions to the previously identified class members would be economically viable, that approach is preferable to cy pres distributions. This Section rejects the position urged by a few commentators that a cy pres remedy is preferable to further distributions to class members. Those commentators reason that further direct distributions would constitute a "windfall" to those class members. ... [T]his Section takes the view that in most

circumstances distributions to class members better approximate the goals of the substantive laws than distributions to third parties that were not directly injured by the defendant's conduct.

*Id.* p. 222.

## 4.  Objections to the Fee Petition

Objectors object to the request for attorneys' fees.

First, this case presented a substantially lower risk for Class Counsel because not only had the government done the hard work, but Defendant's competitors had already established liability.  First, the hard work of identifying the false representations was done by the government, as is plain from the Complaint, Doc. 46, p. 7-10.  Had Class Counsel filed suit then, the appropriate fee would be reduced since they were simply piggy-backing off the government's work.  But they did not even file then.  Instead, Class Counsel did not act until after Defendant's competitor's obtained a judicial finding that Defendant's labels were false and misleading.  *Id.* 15-16.  As the Settlement Agreement itself makes clear, these suits were not brought until after liability had been judicially determined.  Settlement Agreement at 2.  Class Counsel did not have a duty to file earlier, but the fact that they filed after others had already done the hard work means (1) their risk was less and (2) they do not deserve complete credit for the results.

When others like governmental agencies have laid the groundwork for a class action, the district court must not credit Class Counsel for creating the entire fund when setting attorneys' fees:

> We do not dispute that class counsel's efforts benefitted the class and that they should receive a fee award which recognizes those efforts. ...  Our concern is not the number of enhancements created, but rather how to value the benefits created by class counsel. The crux of this inquiry is distinguishing those benefits created by class counsel from the benefits created under the [state agency] Task Force.  This determination is especially crucial in consumer class actions where federal or state agencies, including attorneys general, have conducted their own investigations of wrongdoing. The district court did not address these issues. Because it credited class counsel with creating the entire value of the settlement it did not attempt to distinguish between those benefits created by the Task Force and those created by class counsel.

*In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 338 (3rd Cir. 1998).  Similarly here, Objectors do not dispute that class counsel's efforts benefitted the class and that they should receive a fee award which recognizes those efforts, but those efforts must be weighed by the fact that this case was handed to Class Counsel on a silver platter by not only the government's determination of liability, but by Defendant's competitors who had already obtained a judicial determination of liability.  That is not to say they do not deserve any fee, but the previous governmental and judicial determinations of liability meant Class Counsel

had relatively little risk compared to other class actions, and the fee award should reflect that reduced risk.

Second, Class Counsel seeks an unreasonable portion of the total settlement monies. Defendant was willing to pay $8 million to settle this case and the attorneys allocated to themselves 37.5% of the total recovery. That would be an unreasonable amount in a normal class action, but it is particularly outrageous in a case such as this where the risk was substantially lower based on a previous governmental *and* judicial finding of liability. Class Counsel should not receive anywhere near 37.5% of the $8 million Defendant was willing to pay to settle the case, regardless of the number of hours or rates they seek to charge.

Third, Class Counsel have not met their burden of proof regarding their lodestar calculation. While Objectors did not have access to the necessary information because Class Counsel filed it under seal, Class Counsel does not indicate that they eliminated time for unsuccessful claims. "[A]fter calculating the lodestar figure, the 'court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones. Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Johnson v. City of Aiken,* 278 F.3d 333, 337 (4th Cir.2002). Class Counsel's filings fail to indicate that they subtracted hours for unsuccessful claims. For instance, Class Counsel sought relief for a national class and a Maryland subclass. Although Class Counsel asserted additional causes of action on behalf of Maryland residents, those residents receive the exact same recovery under the settlement as residents of other states. Thus, all work regarding additional claims for Maryland residents was unsuccessful and should not be included in the hours used to determine a fee.

Fourth, Class Counsel failed to provide to Class Members a reasonable opportunity to review their time records. Rule 23 provides:

> In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

> A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, *for motions by class counsel, directed to class members in a reasonable manner.*"

Fed. R. Civ. P. 23 (h)(1)(emphasis added). Class Counsel filed their time records under seal, so class members are unable to review them. Doc. 105, p. 2-3. Objectors request that the court order Class Counsel to provide to Objectors a copy of all documents filed under seal in support of the Motion for Attorneys' Fees and give Objectors a reasonable time, at least 30 days from production to review and comment upon the fee request.

Wherefore, Objectors pray that the Court deny the proposed settlement, deny the requested fees to Class Counsel and grant Objectors such other and further relief as to which Objectors may be entitled.

JEFFREY L. WEINSTEIN
JEFFREY L. WEINSTEIN, P.C.
Texas State Bar No. 21096450
518 East Tyler Street
Athens, TX  75751
903/677-5333
903/677-3657 – facsimile

**ATTORNEYS FOR OBJECTORS**

**Certificate of Service**

I hereby certify that a copy of the above and foregoing document has been sent by overnight delivery through FED EX on April 15, 2010 to the following:

Clerk of the Court
U.S. District Court District of Maryland
Northern Division
101 W. Lombard Street
Baltimore, MD 21201

Class Counsel
A.J. De Bartolomeo
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

Defense Counsel
Michael W. Davis
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

JEFFREY L. WEINSTEIN