UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| In RE: TYSON FOODS, INC., CHICKEN RAISED WITHOUT ANTIBIOTICS CONSUMER LITIGATION | CASE No : 1:08-md-01982-RDB |
|---|---|

**OBJECTION TO PROPOSED SETTLEMENT, NOTICE OF APPEARANCE AND INTENT TO BE HEARD**

COMES NOW, Shelagh Needham-Ward ("Objector") by and through her undersigned attorney and files this Objection to the Proposed Settlement in this matter. In support thereof, Objector states as follows:

1. Objector is a Member of the Class and has attached hereto her statement under penalty of perjury confirming such. Any contact with Objector must be made through her undersigned counsel.

2. The Proposed Settlement is intended to benefit all Class Members consistent with Rule 23, Federal Rules of Civil Procedure and applicable law. Thus, any such Settlement must be fair, adequate and reasonable to those Class Members. The burden of proof is on the proponent of the settlement, not objectors. *Manual for Complex Litigation 4th*, §21.634, p. 322.

3. The Court has preliminarily approved an agreement between Defendant and certain class representatives to settle this matter (the "Proposed Settlement").

4. Objector has become sufficiently acquainted with the Proposed Settlement and believes, as well as alleges, that the Proposed Settlement is not fair, adequate or reasonable, all of which criteria are legal standards to be applied by this Court in determining whether to approve the

Proposed Settlement as presented to the Court by adverse litigating parties. It is the duty of this Court to assure itself, the class and the public that the applicable, governing criteria which are material to the Proposed Settlement are present. Accordingly, this Court must adopt the role of a skeptical client and critically examine the Proposed Settlement. *Manual for Complex Litigation* 4th, §21.61, p. 308-312.

5. Objector, through her undersigned counsel, now enters an appearance in this cause to participate in further proceedings in this Court and to prosecute this action to the end purpose that any settlement or resolution proposed or approved by the Court is, in all respects, fair, adequate and reasonable.

6. On the basis of the information ascertained from the Proposed Settlement conditionally approved by the Court, Objector alleges that the settlement as proposed is not fair, adequate or reasonable for the following reasons:

(a) Although the Proposed Settlement purports to have two levels of potential cash payments, and a separate level for coupons, in reality this case is a coupon settlement. Although 50% of the Proposed Settlement funds have been "set aside" for the first level of claims (up to $50.00 for those that have "adequate proof of purchase"), as a practical matter virtually no Class Members will have retained the necessary "proof of purchase". The "proof of purchase" consists of a cash register receipt showing the purchase. It is beyond reason to believe that there is any significant number of consumers who would have their grocery store receipts dating back to the period June 19, 2007 through April 30, 2009. Therefore, this level is totally illusory. The next level (up to $10.00 refund) requires a statement on the claim form to be given under oath stating: (i) the date of purchase, (ii) the exact product purchased, (iii) the location of the purchase and, (iv) the price paid. To have this information, Class Members would have to have the receipts which would allow them to claim at level one or equivalent documentation since no one would be able to remember or

provide such information without a receipt or equivalent documentation. Therefore, level two is also illusory. The third category is for a $5.00 coupon which will undoubtedly cover nearly all Class Members. When claims are processed there will be a minimal cash payout and the balance of the settlement will be coupons and a *cy pres* award. This is not an adequate, fair or reasonable result for Class Members.

(b)     The vast majority, if not all, Class Members can only benefit if they utilize the $5.00 coupon to purchase Defendant's products, which will result in additional profits for the Defendant. Dollar-off coupons are routinely employed by merchants to entice customers to utilize merchants' services and purchase products. Consequently, the settlement, as proposed, is nothing more than a marketing scheme.

(c)     Coupon settlements have been roundly criticized by the courts, legal commentators and consumer groups for their lack of value to class members, leaving only class counsel and class representatives with any real benefits from the settlement. *E.g., G.M. Trucks*, 55 F.3d 768, 803 (3rd Cir. 1995) ("The settlement arguably did not maximize the class members' interests. *** The fact that the settlement involves only non-cash relief, which is recognized as a prime indicator of suspect settlements, increases our sense that the class' interests were not adequately vindicated."); CAFA § 2 [Congressional Findings] ("Class members often receive little or no benefit from class actions and are sometimes harmed, such as where counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value and unjustified awards are made to certain plaintiffs at the expense of other class members.") 118 STAT. 5.

(d)     No attorneys' fees should be awarded until the actual value of the benefit to Class Members is determined. The Federal Class Action Fairness Act (CAFA) requires that the Court make a determination after the redemption period as to the "actual value" of the benefit to the class and thereafter base any attorneys' fees on a percentage of such value. 28 U.S.C. § 1712.

Moreover, value is not necessarily the face value of the coupons redeemed, but should be discounted for the benefit to the Defendant in utilizing a coupon to promote its services and products. *G.M. Trucks*, at 808.

(e)   There is no justification for the four class representatives to be awarded $5,000 each ($20,000 total) as an incentive to represent the class when they are deemed to have disclaimed any right to a preferred position in the settlement. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1176 (4th Cir. 1975). The payment of such a large amount to class representatives while class members receive at best $50.00 cash, but more likely a $5.00 coupon, is strong evidence that the class representatives can no longer fairly and adequately represent the class. The expectation of a cash benefit of 1000 times the amount of the available coupon creates an inherent conflict of interest between the class representatives and the class they purport to represent. *Staton v. Boeing Co.*, 327 F.3d 938, 975-978 (9th Cir. 2003) (Abuse of discretion for district court to find settlement agreement to be fair, adequate and reasonable where record did not support sixteen times disparity between incentive awards and unnamed class member awards); accord *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) (Excess incentive awards may put the class representatives in a conflict with the class and present a considerable danger of individuals bringing cases as class actions principally to increase their own leverage to attain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations).

(f)   Even if the entire cash fund was going to be paid out to Class Members with no use of coupons, the attorneys' fee claimed is excessive. The fee represents 37.5% of the total asserted consideration (i.e. the $5,000,000 Settlement Fund and the $3,000,000 fee which will be paid directly from Defendant and not contested (clear sailing) by Defendant). The fact that almost no cash consideration will be paid to Class Members and that Class Members at best will receive a small amount of cash and predominately $5 coupons (which are not worth their face value in cash)

would mean that a fair and adequate attorneys' fee would be considerably less than the $3,000,000 requested. This would be subject to further reduction if 100% of the coupons are not distributed and/or if the redemption rate is low. All of this requires that any determination of attorneys' fees be made after the Court has accurate information with regard to cash and coupons distributed and the amount of actual redemption of the coupons.

(g) While the potential donation to charity of food items is noble, such confers no benefit on the class and should not be part of the Court's consideration in determining the fairness, adequacy and reasonableness of the settlement or in supporting any claimed attorneys' fee.

8. Your Objector adopts any other bona fide Objections by other Class Members. For all the foregoing reasons, Objector respectfully submits that the terms of the Proposed Settlement are insufficient, unfair, unjust, unreasonable and inadequate to the absent Class Members.

**WHEREFORE**, having demonstrated the unfairness, inadequacy and unreasonableness of the Proposed Settlement, Objector requests appropriate general relief as follows:

(a) That the Court not approve the Settlement as proposed.

(b) That the Court not approve the requested attorneys' fees.

(c) That the Court not approve the requested representative fees.

(d) That the Court enters such other further Orders as may be necessary and just, to effect substantial justice in this cause between the parties and the absent Class Members.

**NOTICE OF APPEARANCE AND INTENT TO BE HEARD**

1. Notice is hereby given that the undersigned counsel for Shelagh Needham-Ward ("Objector") intends to appear on her behalf at the Fairness Hearing scheduled on May 7, 2010 at 10:00 a.m. and requests to be heard. Any presentation will take no longer than 30 minutes.

Respectfully submitted,

/s/Steve A. Miller
Steve A. Miller (Colo. Bar No. 8758)
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com
(pro hac vice)

Counsel for Objector Needham-Ward

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Objection to Proposed Settlement, Notice of Appearance and Intent to be Heard was served by electronic filing via CM/ECF, on the parties whose names and full address are listed below on the 19th day of April, 2010.

Settlement Class Counsel:
A.J. De Bartolomeo
Girard Gibbs LLP
601 California St., 14th FL
San Francisco, CA 94108

Tyson's Counsel:
Michael W. Davis
Sidley Austin, LLP
One South Dearborn
Chicago, IL 60603

/s/Steve A. Miller
Signature

STATE OF COLORADO            )
                             ) SS
CITY AND COUNTY OF DENVER    )

## AFFIDAVIT

Shelagh Needham - Ward, having been sworn upon her oath and being of legal age, states as follows upon her personal knowledge:

1. I am over the age of 18, not in the military service and not under any disability.

2. On at least one or more occasions between June 19, 2007 and April 30, 2009, I purchased Tyson Chicken or chicken products as either "Raised Without Antibiotics" or "Raised Without Antibiotics That Impact Antibiotic Resistance In Humans." I no longer have proof of purchase.

3. I am a Settlement Class Member.

4. My address is 9002 Lariat Loop, Cheyenne, Wyoming 82009.

5. My attorney, Steve A. Miller, is representing me in this matter and will appear on my behalf at the Fairness Hearing.

_____
Shelagh Needham - Ward

Subscribed and Sworn before me on this 19th day of April, 2010 by Shelagh Needham - Ward.

My commission expires: 11/07/2011

_____
Notary Public

[SEAL]