# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| In Re: Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation<br><br>ALL ACTIONS | Case No.: 1:08-md-01982-RDB<br><br>SARA SIBLEY'S OBJECTION TO CLASS CERTIFICATION, OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST, NOTICE OF INTENTION TO APPEAR, AND REQUEST TO SPEAK AT THE HEARING |

*[Stamp: FILED ENTERED LOGGED RECEIVED APR 19 2010 AT BALTIMORE CLERK U.S. DISTRICT COURT DISTRICT OF MARYLAND BY DEPUTY]*

To The Honorable District Judge:

Now Comes Sara Sibley, ("Objector"), and files these Objections to the Proposed Settlement, Objection to Class Certification, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1. Objector is a class member**

By her signature below, Objector declares under penalty of perjury under the laws of the United States of America and Maryland that the following statements are true and correct:

(a) I am a member of the class.

(b) On at least one or more occasions during the period from June 19, 2007 through April 30, 2009, I purchased at least one Tyson chicken or chicken products sold in the United States as either "Raised Without Antibiotics" and/or "Raised Without Antibiotics That Impact Resistance in Humans."

(c) I do not have adequate proof of purchase as that term is defined in the settlement, but I regularly purchased Tyson Chicken products contained in the settlement in Shreveport, Louisiana during the time period.

(d) I object to the Settlement in *In Re: Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation.*

End of statement.

## 2. Notice of Intention to Appear and Request to Speak at the Hearing

Objector intends to appear at the final approval hearing and to talk about these objections, or to appear by counsel and to otherwise participate in the final approval hearing.

## 3. Objection to Notice

Fed. R. Civil. P. 23(c)(2)(B) requires the following:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances. . . (emphasis added)

Class counsel failed miserably in their attempt to meet the above burden. Opening a web site, publishing a notice in two magazines, placing unknown, unnamed internet banner ads and a PR news release (which may either be "picked up" or not "picked up" by a news outlet), does far less to notify class members than simply posting notice in all stores selling the suspect chickens. It is as if: (1) Defendant wanted their transgressions "swept under the rug" and (2) class counsel, by the structure of the proposed fee agreement, could care less how many additional class members there were. Notice should be ordered conspicuously posted in all stores selling Tyson chickens.

The Class Notice contained in Paragraph 12 of the Settlement Agreement and General Release is insufficient and fails to satisfy requirements of Rule 23 of the Federal Rules of Civil Procedure. The notice provisions do not meet due process requirements and do not constitute the best notice practicable under the circumstances and is insufficient notice to all persons entitled to notice of the settlement.

## 4. Objections to the Settlement

This coupon settlement should not stand. Under the proposed scheme, it is theoretically possible to obtain a cash settlement if a class member has a cash register receipt evidencing his purchase. However, it is unlikely that more than a handful of class members will have cash receipts for the purchase of food products for a period between 12 and 34 months ago. The result, because of the difficulty in providing adequate proof of purchase, is a coupon settlement. This is exactly the type of settlement to which Congress referred when it passed the Class Action Fairness Act of 2005:

> Congress finds the following: ... Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where-- counsel are awarded large fees, while leaving class members with coupons ... .

Class Action Fairness Act of 2005, Pub.L. 109-2, Feb. 18, 2005, 119 Stat. 4. That is exactly the proposed settlement here: a few class members get cash, the vast majority class members get coupons, class counsel gets $3,000,000.00 in fees and expenses, and

the class representatives get an aggregate amount of $20,000 for their role. Class member received a maximum of $5,000,000.00.

The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement for the following reasons:

First, it is unclear from the settlement whether the coupons have an expiration date. The coupons should have no expiration date. The waiver class members provide to Defendant does not expire, so neither should the consideration class members receive expire. Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant would not be harmed. Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties.

Second, it is unclear whether or not the coupons are transferable. The coupons should be transferable to allow full value for the coupons. The fact that the coupons are not transferable further shows the intent if the scheme is to benefit Defendant's sales, rather than benefit class members. It is not reasonable for a coupon settlement to prohibit transfers of the coupons

Third, the structure of the settlement is essentially a sales promotion that benefits Defendant at the expense of class members' rights. To the extent class members do not use the certificates, Defendant benefits because it avoids liability on the waived claims. To the extent class members use the certificates, Defendant benefits from the extra sales – perhaps even more sales -- once class members go into the store to redeem the coupons. Thus, the settlement is structured to benefit Defendant, as well as Class Counsel, at the expense of class members who lose their rights against Defendant.

Fourth, the proposed incentive awards to the class representatives are unreasonably high and create a conflict for their adequate representation of the class. They are more inclined to leave class members with mere coupons if they obtain a hefty payoff, and they recover even more under the settlement than they would ever be entitled to under the statute. Incentive awards must not give special treatment to named Plaintiffs; they are intended solely to compensate them for the time and risk they incur in bringing a lawsuit on behalf of the class. Here there is no showing that the proposed incentive awards are even close to a reasonable compensation for the time and risk the Plaintiffs incurred.

Fifth, the amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon the following by Certified Mail/RRR and overnight UPS delivery, on April 16, 2010:

*Sara Sibley, M.D.*
Sara Sibley

Clerk of the Court
United States District Court for
the District of Maryland
(Northern Division)
101 W. Lombard Street
Baltimore, MD 21201

A.J. De Bartolomeo
Girard Gibbs, LLP
601 California St., 14th Floor
San Francisco, CA 94108

Michael W. Davis
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

> claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict ... The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335. The requested amounts are excessive here and show that his is exactly the type of settlement congress criticized, where class counsel get huge fees and the class gets coupons.

**5. Objections to the Fee Petition**

Objector objects to the request for fees to Class Counsel. Objector reserves the right to file objections to the fee petition at a later date.

However, objector expressly objects to an award of attorneys fees that exceeds 25% of the value to class members of the coupons that are actually redeemed:

> If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed. 28 U.S.C.A. § 1712 (a).

Thus, as a matter of law, attorneys' fees here may not exceed a reasonable percentage, which objector contends is no more than 25%, of the value of the coupons actually redeemed.

Objector incorporates any proper objections filed by other objectors herein.

Wherefore, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

*Sara Sibley, M.D.*
Sara Sibley
3501 Champion Lakes Blvd., #207
Shreveport, LA 71105
318-946-8172

Dated: April 16, 2010.

4