**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| In Re: Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation<br><br>ALL ACTIONS | Case No.: 1:09-md-01982-RDB<br><br>THOMAS L. COX, JR.'S OBJECTION TO CLASS CERTIFICATION, OBJECTION TO PROPOSED SETTLEMENT, OBJECTION TO ATTORNEYS' FEES REQUEST, NOTICE OF INTENTION TO APPEAR, AND REQUEST TO SPEAK AT THE HEARING |

To The Honorable District Judge:

Now Comes Thomas L Cox Jr., ("Objector"), and files these Objections to the Proposed Settlement, Objection to Class Certification, Objection to Attorneys' Fees, Notice of Intent to Appear and Request to Speak at the Hearing, and would show as follows:

**1. Objector is a class member**

By his signature below, Objector declares under penalty of perjury under the laws of the United States of America and Maryland that the following statements are true and correct:

(a) I am a member of the class.

(b) On at least one or more occasions during the period from June 19, 2007 through April 30, 2009, I purchased at least one Tyson chicken or chicken products sold in the United States as either "Raised Without Antibiotics" and/or "Raised Without Antibiotics That Impact Resistance in Humans."

(c) I do not have adequate proof of purchase as that term is defined in the settlement, but I regularly purchased Tyson Chicken products contained in the settlement in Dallas, Texas during the time period.

(d) I object to the Settlement in *In Re: Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation.*

End of statement.

1

## 2. Notice of Intention to Appear and Request to Speak at the Hearing

Objector intends to appear at the hearing. Objector requests that Thomas L Cox Jr., be allowed to appear at the final approval hearing to talk about these objections or to appear by counsel and to otherwise participate in the final approval hearing.

## 3. Objection to Notification

The Class Notice contained in Paragraph 12 of the Settlement Agreement and General Release is insufficient and fails to satisfy requirements of Rule 23 of the Federal Rules of Civil Procedure. The notice provisions do not meet due process requirements and do not constitute the best notice practicable under the circumstances and is insufficient notice to all persons entitled to notice of the settlement. Paragrah 12 merely directs the Settlement Administrator to establish a web site, but takes no steps to make known to possible class members the existence of this lawsuit and the terms of the settlement. It merely directs the Settlement Administrator to establish a web site, but takes no steps to make known to possible class members the existence of this lawsuit and the terms of the settlement.

A more detailed plan for giving notice is contained in Paragraph 7 of the Preliminary Approval Order but even this more detailed plan does not constitute the best notice practicable under the circumstances as required by Rule 23 and appears to be little more than notice by word of mouth or notice by visitors to certain unnamed internet sites. Publishing the notice in *Parade* or *People* magazines is unlikely to reach many class members. Additionally, there is no plan for media outreach, except sending news releases to PR Newswire which may or may not result in further dissemination and publication. No provision is made for listing the locations where the products in question may have been sold or including a reproduction of the offending label in the notice.

The settlement should require Tyson to post the notice on their internet web site and also have a link to the settlement web site.

## 4. Objection to Certification

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable. MANUAL FOR COMPLEX LITIGATION 4th, § 21.222, p. 270. To determine if an individual is a class member, a court must be able to do so by reference to the class definition and without inquiry into any sort of fact-finding.

The class definition is improper for the reasons set out below. Because the class definition here (1) does not provide a precise, objective and presently ascertainable way to identify class members and (2) requires a "mini trial" to determine whether a particular person is in the class, the class definition is not appropriate and the Court should not certify the class.

The class here is defined as:

> All persons who purchased Tyson chicken or chicken products sold in the United States as either "Raised Without Antibiotics" and/or "Raised Without Antibiotics That Impact Antibiotic Resistance in Humans" between June 19, 2007 and April 30, 2009.

Thus, class determination is not presently ascertainable.

Cases under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, bear out the problem with the class definition here. The two seminal TCPA cases on the class definition are *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D. Pa. 1995) and *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162 (S.D. Ind. 1997). *Forman* held:

> Here, defining the purported class as "all residents and businesses who have received *unsolicited facsimile advertisements*" requires addressing the central issue of liability to be decided in the case. Determining a membership in the class would essentially require a mini-hearing on the merits of each case.

*Id.* at 403 (emphasis by the court). As the court emphasized, it was the inclusion of the factual finding requirement in the definition as to whether the fax was unsolicited that made the definition improper. In this case that same problem arises because the court would need to determine whether product was purchased and when and where.

Similarly, the *Kenro* court held:

> Because Kenro's class definition would require the court to conduct individual inquiries with regard to each potential class member in order to determine whether each potential class member had invited or given permission for transmission of the challenged fax advertisements, Kenro has failed to meet the requirements of Rule 23(a).

*Kenro*, 962 F.Supp. at 1169. The same problem exists here: for any individual, the Court would be required to conduct an individual factual inquiry to determine whether an individual purchased the product.

The fact that this is a settlement class does not provide for a lesser standard for the class definition. Whether the class is a litigation or settlement class, the definition must be precise, objective and presently ascertainable to comply with due process in giving fair notice to potential class members as to whether they are covered by the judgment. Settlement may eliminate problems with manageability, but it does not eliminate the due process requirement for providing a valid definition of the class.

Because the class definition is deficient, the court should not certify the settlement class nor approve the settlement.

## 5. Objections to the Settlement

This is a coupon settlement, and a bad one at that. While it is possible to obtain a cash settlement if a class member is able to submit cash register receipt it is unlikely that more than a handful of class members will have cash receipts for the purchase of food products for a period between 12 and 34 months ago. The result because of the difficulty in providing adequate proof of purchase is a coupon settlement. This is exactly the type of settlement to which Congress referred when it passed the Class Action Fairness Act of 2005:

> Congress finds the following: ... Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where-- counsel are awarded large fees, while leaving class members with coupons ... .

Class Action Fairness Act of 2005, Pub.L. 109-2, Feb. 18, 2005, 119 Stat. 4. That is exactly the proposed settlement here: a few class members get cash, the vast majority class members get coupons, class counsel gets $3,000,000.00 in fees and expenses, and the class representatives get an aggregate amount of $20,000 for their role. Class member received a maximum of $5,000,000.00.

The settlement is not fair, reasonable, or adequate, and Objector objects to the proposed settlement, for the following reasons.

First, it is unclear from the settlement whether the coupons have an expiration date. The coupons should not have an expiration date. Given the time value of money, the value of the certificate goes down the longer the class member holds it, so Defendant would not be harmed. Since class members are permanently losing their rights, they should be allowed to use the certificate when they are ready to make a purchase and not within the artificial time limits set by the settling parties.

Second, it is unclear whether or not the coupons are transferable. The coupons should be transferable. The waiver class members provide to Defendant does not expire, so neither should the consideration class members receive expire.

Third, the structure of the settlement is essentially a sales promotion that benefits Defendant at the expense of class members' rights. To the extent class members do not use the certificates, Defendant benefits because it avoids liability on the waived claims. To the extent class members use the certificates, Defendant benefits from the extra sales – and perhaps even more sales once class members go into the store. Thus, the settlement is structured to benefit Defendant, as well as Class Counsel, at the expense of class members who lose their rights against Defendant.

Fourth, to the extent that coupons are not transferable this fact that the coupons are not transferable further shows the intent is to benefit Defendant's sales, rather than

4

benefit class members. It is not reasonable for a coupon settlement to prohibit transfers of the coupons.

Fifth, the proposed incentive awards to the class representatives are unreasonably high and create a conflict for their adequate representation of the class. They are more inclined to leave class members with mere coupons if they obtain a hefty payoff, and they recover even more under the settlement than they would ever be entitled to under the statute. Incentive awards must not give special treatment to named Plaintiffs; they are intended solely to compensate them for the time and risk they incur in bringing a lawsuit on behalf of the class. Here there is no showing that the proposed incentive awards are even close to a reasonable compensation for the time and risk the Plaintiffs incurred.

Sixth, the amount of the proposed fees in relation to the alleged benefits to the class renders the settlement unfair and unreasonable. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate:

> The court's settlement review should include provisions for the payment of Class Counsel. In class actions whose primary objective is to recover money damages, settlements may be negotiated on the basis of a lump sum that covers both class claims and attorney fees. Although there is no bar to such arrangements, the simultaneous negotiation of class relief and attorney fees creates a potential conflict ... The judge can condition approval of the settlement on a separate review of the proposed attorneys' compensation.

MANUAL FOR COMPLEX LITIGATION 4th § 21.7, p. 335. The requested amounts are excessive here and show that his is exactly the type of settlement congress criticized, where class counsel get huge fees and the class gets coupons.

**6. Objections to the Fee Petition**

Objector objects to the request for fees to Class Counsel. Objector reserves the right to file objections to the fee petition at a later date.

However, objector expressly objects to an award of attorneys fees that exceeds 1/3 of the value to class members of the coupons that are redeemed:

> If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons shall be based on the value to class members of the coupons that are redeemed.

28 U.S.C.A. § 1712 (a). Thus, as a matter of law, attorneys' fees here may not exceed a reasonable percentage, which objector contends is 33 1/3%, of the value of the coupons actually redeemed.

Wherefore, Objector prays that the Court deny the proposed settlement, deny certification of the settlement class, deny the requested fees to Class Counsel and grant Objector such other and further relief as to which Objector may be entitled.

_____
Thomas L. Cox, Jr.
4934 Tremont
Dallas, Texas 75214
214-821-1509
214-855-7878 (fax)
Email: tcox009@yahoo.com

Dated: April 16, 2010.

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon the following by Certified Mail/RRR and UPS overnight delivery on April 16, 2010:

_____
Thomas L. Cox, Jr.

Clerk of the Court
United States District Court for
the District of Maryland
(Northern Division)
101 W. Lombard Street
Baltimore, MD  21201

A.J. De Bartolomeo
Girard Gibbs, LLP
601 California St., 14th Floor
San Francisco, CA  94108

Michael W. Davis
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603