IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
| TYSON FOODS, INC., CHICKEN | |
| RAISED WITHOUT ANTIBIOTICS | *   Case No. 08-MD-01982-RDB |
| CONSUMER LITIGATION | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This Court has previously granted the Motion of the Plaintiffs to depose Appellant-Objectors, by Order dated July 21, 2010 (Paper #136). Pursuant to that order, Plaintiffs' counsel have noticed the depositions of the Appellants, including Thomas Cox. Mr. Cox has now filed a Motion to Quash Deposition or in the Alternative to Have It Taken By Telephone (Paper #137).

The Plaintiffs are entitled to determine whether the Appellants are appropriate members of the class and whether they satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. This inquiry is appropriate in light of representations made by Mr. Cox at the Fairness Hearing. Mr. Cox has not shown good cause, nor met his burden with respect to seeking to quash this subpoena.

Alternatively, Mr. Cox has moved that his deposition be taken by telephone. Pursuant to Rule 30(b)(7) a party may request that a deposition be taken by telephone. Permission is ordinarily granted unless an objecting party would be prejudiced or the method employed would not ensure the accuracy of the deposition. See *Advani Enterprises, Inc. v. Underwriters at Lloyds* 2000 WL 1568255(S.D. N.Y. 2000). In light of the nature of the inquiry there is no prejudice to the Plaintiffs in conducting the deposition by telephone with Mr. Cox appearing for said deposition in Dallas, Texas.

ACCORDINGLY, IT IS HEREBY ORDERED this 28th day of July, 2010, that the Motion to Quash Deposition or in the Alternative to Have it Taken By Telephone (Paper #137) is GRANTED in part and DENIED in part, specifically the Motion to Quash is DENIED but the deposition will be taken by telephone.

_____
Richard D. Bennett
United States District Judge